CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 16 2018

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| LEONA DIANNE PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:16-cv-00062 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 16]. The R&R was filed on February 14, 2018 [ECF No. 18], and Plaintiff Leona Dianne Price filed objections on February 27 [ECF No. 19]. The Commissioner responded [ECF No. 20], and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's objections and grant the Commissioner's Motion for Summary Judgment.

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On January 2, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the Act") and supplemental security income pursuant to Title XVI of the Act. See 42 U.S.C. §§ 401–33; 1381–1383f (2016). (R. 235–251.) In her application, Plaintiff alleged that she had been disabled since February 2, 2012, due to a combination of depression, diabetes, arthritis, nerve damage, neuropathy, herniated disc in her neck, high blood pressure, and high cholesterol. (See, e.g., R. 127.) The Commissioner denied Plaintiff's claims initially on July 30, 2013, and again upon reconsideration on January 8, 2014. (See R. 103–154.)

Plaintiff requested a hearing before an Administrative Law Judge and, on May 13, 2015, Plaintiff appeared with her attorney before Administrative Law Judge Brian Kilbane ("the ALJ"). (R. 43–79.) Both Plaintiff and a vocational expert, Gerald K. Wells, testified. (Id.) In a written decision dated June 24, 2015, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 36–50.) He found that Plaintiff suffered from spine disorders and obesity, both of which qualified as serious impairments. (R. 15 (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)).) The ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 41 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 & 416.926).)

After consideration of the entire Record, the ALJ concluded that Plaintiff had the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) & 416.967(c), without limitation. (See R. 41–48.) The ALJ also determined that Plaintiff was capable of performing past relevant work as a gluer, fast food worker, and textile worker/sewing machine operator, and that her past relevant work did not require the performance of work-related activities that the ALJ determined were precluded by Plaintiff's residual functional capacity. (R. 48–49 (citing 20 C.F.R. §§ 404.1565 & 416.965.) Alternatively, the ALJ determined that, even if Plaintiff could not perform her past relevant work, she would be able to perform jobs that exist in the national economy, such as dietary aid, cleaner, and hand packager. (R. 49.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 49.) The Appeals Council permitted Plaintiff to submit additional medical records in support of her claim (see R. 8–24), but denied Plaintiff's request for review

(R. 1–4). The decision of the ALJ became the final decision of the Commissioner on October 20, 2016. (Id.)

On December 22, 2016, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. The Commissioner filed a Motion for Summary Judgment on July 24, 2017. (See Mot. Summ. J., July 24, 2017 [ECF No. 16].) On February 14, 2018, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that I grant the Commissioner's motion for summary judgment and affirm the decision of the Commissioner. (R&R, Feb. 14, 2018 [ECF No. 18].) On February 27, Plaintiff filed her objections to the R&R. (Pl.'s Obj., Feb. 27, 2018 [ECF No. 19].) The Commissioner responded on February 28 [ECF No. 20], so the matter is now ripe for review.

## II.  STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III.  DISCUSSION

Plaintiff raises two objections to the R&R. First, she argues that the Magistrate Judge erroneously concluded that the ALJ properly considered her upper extremity impairments. Second, she contends that it was error for the Magistrate Judge to make an independent evaluation of Dr. Owusu-Yaw's records, and that those records lend support for previously unidentified impairments and undermines the ALJ's credibility determination. Her objections will be addressed in turn.

Turning to Plaintiff's upper extremity impairments, specifically carpal tunnel syndrome ("CTS"), Plaintiff asserts that "[n]ot once is carpal tunnel syndrome mentioned in the ALJ's

decision, in the two opinions provided by state agency medical consultants, initially or on reconsideration, or in the opinion provided by the consultative examiner." (Pl.'s Obj. pg. 2 [ECF No. 19].) I must take issue with Plaintiff's characterization of this objection. The first "diagnosis" cited by Plaintiff is not a diagnosis at all. Her treating physician, Dr. Herman, remarked on March 22, 2011, that there was "possible" CTS in both hands. (R. 389.) After testing, Dr. Lobar with Southside Neurology concluded:

> There is no evidence for underlying peripheral neuropathy in the upper extremities. Also despite clinically the patient having evidence for recent left distal radial sensory neuropathy, *this nerve tests normally* . . . .

(R. 383.) This test occurred prior to Plaintiff's alleged disability onset date. (See R. 128 [alleging a disability onset date of February 2, 2012, nearly eleven months later).

The second diagnosis, from Dr. Owusu-Yaw, occurred *after* the ALJ issued his opinion. (Compare R. 647 [Dr. Owusu-Yaw's findings, dated August 20, 2015], with R. 50 [opinion of the ALJ, dated June 24, 2015].) This medical evidence was not before the ALJ for consideration, and discussion of Dr. Owusu-Yaw's opinion is appropriately considered in Plaintiff's second objection.

But more fundamentally, to the point Plaintiff makes, Plaintiff overlooks the ALJ's consideration of the *symptoms* she attributes to CTS. For example, the consultative examiner, Dr. Darko, noted that Plaintiff's grip strength was 5/5 bilaterally, and that Plaintiff was "able to touch thumb to all fingertips on both hands, make a fist, pick up coins from a flat surface, cap and uncap a bottle." (R. 478.) Dr. Darko further concluded Plaintiff had "[n]o limitations in reaching, feeling, fingering or handling." (R. 479.) The ALJ cited Dr. Darko's opinion as "balanced, thorough, and objective, and [as] consistent with the other objective findings in the record." (R. 47.)

On review, I am tasked with determining whether there is substantial evidence to support the ALJ's decision. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). While it is true that the ALJ never specifically mentioned Plaintiff's presumed CTS, what is clear is that he considered evidence that Plaintiff had no limitations in her hands; Dr. Darko concluded as much, and his opinion was accepted by the ALJ. Although the term CTS was not used, there is sufficient evidence to show that Plaintiff's CTS, even if diagnosed and cited by the ALJ, was not a limiting factor, and thus was properly excluded from her residual functional capacity ("RFC") by the ALJ.

Plaintiff also objects to the fact that certain diagnostic testing indicative of CTS were omitted from the ALJ's discussion. As stated above, the only diagnostic test indicating "mild" CTS occurred after the ALJ's decision was entered.

To Plaintiff's point, however, while it is not ideal from the standpoint of a reviewing court to omit a full recitation of the evidence the ALJ considered, the ALJ did state that the entire record was considered. (R. 38.) The Fourth Circuit has concluded that, absent evidence to the contrary, an ALJ's assertion that he considered all the evidence is sufficient to establish that evidence was considered. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (citing Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005)). Therefore, the law establishes that the ALJ considered all the medical evidence, and Plaintiff has not offered any evidence to establish otherwise.

At its core, Plaintiff's objection is nothing more than a disagreement as to the ALJ's conclusion of her RFC. It is not my job, on review, to reweigh the evidence. There is substantial evidence in the record to exclude the effects of Plaintiff's CTS—even if diagnosed—from her RFC, as evidence supports the conclusion that she had no manipulative limitations in her hands.

As a corollary, Plaintiff objects to the ALJ's failure to include manipulative limitations in her hands in the hypothetical RFC posed to the vocational expert. As discussed above, there is substantial evidence in the Record to justify *not* including such limitations in the RFC. Therefore, failing to include limitations not supported by the evidence was not error on the part of the ALJ. Cf. Hines v. Barnhart, 453 F.3d 559, 566 n.5 (4th Cir. 2006) ("In order to formulate an opinion, the vocational expert must assume as true *the RFC determined by the ALJ*." (emphasis added)).

Plaintiff's second objection addresses a failing in her first; she contends the Magistrate erred in independently evaluating Dr. Owusu-Yaw's opinion (specifically, that Plaintiff suffered from CTS bilaterally (R. 652)), and that Dr. Owusu-Yaw's constitutes new evidence that requires remand for the ALJ to consider.

A claimant may present "new and material evidence" to the Appeals Council for consideration. "Evidence is new if it is not duplicative or cumulative; it is material if there is a reasonable possibility that it would have changed the outcome of the Commissioner's decision." Brown v. Comm'r of Soc. Sec., 969 F. Supp. 2d 433, 446 (W.D. Va. 2013) (citing Meyer v. Astrue, 662 F.3d 700, 704–05 (4th Cir. 2011)). "New evidence . . . is only material if it creates a reasonable possibility that, upon review of the evidence, the Commissioner would change the *outcome* of his decision—that is, find the claimant disabled and award benefits. Remand is not warranted simply because new evidence might change particular elements of the ALJ's decision. The critical inquiry is whether the conclusion itself could be changed." Id. at 447. Here, although Dr. Owusu-Yaw is the first physician to diagnose Plaintiff with CTS, albeit "mild" CTS, nothing in his records indicate a greater limitation on Plaintiff than identified by the ALJ. As Dr. Darko stated in his opinion, an opinion afforded "great weight" by the ALJ, Plaintiff did

not suffer from any manipulative limitations. (R. 479.) Plaintiff does not point to anything in Dr. Owusu-Yaw's records that calls that determination into question. Rather, all Plaintiff can point to is a diagnosis of "mild" CTS. At most, then, Plaintiff's records indicate that she has "mild" CTS that does not limit her. Without more, I cannot say that the ALJ's conclusion would be different had he considered that Dr. Owusu-Yaw diagnosed her with CTS. He may have concluded that Plaintiff's CTS is a non-severe impairment, but without a change to her limitations as stated in the ALJ's RFC, "there is not a reasonable possibility it would change the outcome of the Commissioner's decision." Brown, 969 F. Supp. 2d at 446. Accordingly, the Magistrate properly concluded that Dr. Owusu-Yaw's opinion is not material and does not warrant remand.

## IV. CONCLUSION

The Magistrate did not err in his determination that Plaintiff's upper extremity limitations were properly considered, and he did not err in determining that Dr. Owusu-Yaw's diagnosis of mild CTS did not warrant remand. Accordingly, Plaintiff's objections will be overruled, the R&R will be adopted in its entirety, and judgment will be entered for the Commissioner.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 16th day of August, 2018.

                                                    s/Jackson L. Kiser
                                                  SENIOR UNITED STATES DISTRICT JUDGE